# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLORIA GASKIN | JUDGE |
| v. | Civil Action No. |
| THE UNIVERSITY CLUB AND JAMES COLLINS | JURY TRIAL DEMANDED |

## COMPLAINT

**I. PARTIES**

1.  The Plaintiff is Gloria Gaskin, an adult individual who resides at 1141 W. Aaron St., State College, PA. She files this action under the Fair Labor Standards Act, the Pennsylvania Wage Payment and Collection Act, and the Pennsylvania Minimum Wage Act to collect wages not paid.

2.  A. The co-Defendant The University Club is believed to be a Pennsylvania corporation with registered offices at 331 West College Ave.,

State College, Pa. The University Club operates their building as a place for social activity but also houses numerous tenants.

  B. The co-Defendant James Collins was at all times relevant the President of the corporation and was responsible for actions taken by the business. His business address is c/o 331 West College Ave., State College, PA 16801.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, to hear this Complaint and to adjudicate the claims stated herein because this action asserts rights arising under federal law. See FLSA, 29 U.S.C. § 201, et seq. The Court further has pendant jurisdiction to hear Plaintiff's claim arising under the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, et seq. and the Pennsylvania Wage Payment and Collection Act.

4. Venue is proper in the United States District Court, Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b), because Defendant resides in this District and because all of the events or omissions giving rise to the claims occurred in this District.

### III. FACTUAL AVERMENTS

5. Plaintiff was under contract to the Defendants as a maintenance/cleaner at $15.00 per hour, beginning April 23, 2018.

6. Plaintiff routinely worked 55 hours per workweek.

7. Plaintiff was paid and all taxes were withheld through April 23, 2018.

8. Plaintiff was paid her hourly rate until May 23, 2018 at which time the Defendants insisted on paying Plaintiff on a salary basis, with no withholding. Thereafter, Plaintiff was paid every two weeks at a reduced rate of $525.00 per week.

9. Not knowing that this would be the basis for denying her overtime pay for work over 40 per work week and that it would relieve the Defendants of tax match and tax reporting obligations, Plaintiff agreed.

10. The work Plaintiff did after the date set in 8. above, was identical to the work performed when she was being paid hourly; that is, she performed much as a house maid would within the facility.

11. Plaintiff was terminated on March 7, 2019.

## IV. SPECIFIC COUNTS

### COUNT I AGAINST DEFENDANT

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

12. Plaintiff incorporates all previous clauses by reference herein.

13. At all times, Plaintiff was an employee as that term is defined in the Fair Labor Standard Act (FLSA). Plaintiff was also non-exempt.

14. At all times, the Defendants were employers as that term is defined under the FLSA.

15. The FLSA, at 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

16. Defendants, through their actions, policies, and/or practices as described above, violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

17. The foregoing conduct, as alleged, constitutes a willful

violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

18. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages. Plaintiff is entitled to liquidated damages and attorney fees and costs incurred in connection with this claim.

19. Plaintiff avers and believes that she is entitled to $12,103.20, calculated as follows: 41 weeks x 15 hours x $19.68 per hour.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

B. An additional sum of $12,103.20 as liquidated damages;

C. All costs and attorney's fees incurred from prosecuting this claim;

D. An award of prejudgment interest;

E. For such further relief as the Court deems just and equitable.

## COUNT II AGAINST DEFENDANT

## VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT

20. Plaintiff incorporates all previous clauses by reference herein.

21. At all times, Plaintiff was an employee as that term is defined in the Pennsylvania Minimum Wage Act (PMWA). Plaintiff was also non-exempt.

22. At all times, the Defendants were an employer as that term is defined under the PMWA.

23. The PMWA, at 43 P.S. § 333.104, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

24. Defendants, through their actions, policies, and/or practices as described above, violated the PMWA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

25. The foregoing conduct, as alleged, constitutes a willful

violation of the PMWA under 43 P.S. § 333.104©.

26. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages. Plaintiff is entitled to interest, attorneys' fees and costs in connection with this claim.

27. Plaintiff avers and believes that she is entitled to $12,103.20 calculated per Clause 19 above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

B. All costs and attorney's fees incurred from prosecuting this claim;

C. An award of prejudgment interest;

D.. For such further relief as the Court deems just and equitable.

## COUNT III AGAINST ALL DEFENDANTS

## VIOLATIONS OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION ACT

28. Plaintiff incorporates all previous clauses by reference herein.

29. As is set forth above, Plaintiff is entitled to wages, as that term is defined under the Pennsylvania Wage Payment and Collection (PWPCA), 43 P.S. § 260.2a .

30. At all times, the Defendants were employers as that term is defined under the PWPCA.

31. Wages are now overdue under the PWPCA , in that they were not paid within 30 days of the then next regular payday. 43 P.S. § 260.10.

32. The foregoing conduct, as alleged, constitutes a willful and intentional violation.

33. Plaintiff avers and believes that she is entitled to $12,103.20, calculated per clause 19.

34. As a direct and proximate result of Defendants' unlawful

conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages. Plaintiff is entitled to the statutory penalty of 25%, interest, attorneys' fees and costs incurred in connection with this claim.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate, which is $12,103.20;

B. The statutory penalty of 25% or $3,025.80;

C. All costs and attorneys fees incurred from prosecuting this claim;

D. An award of prejudgment interest;

E. For such further relief as the Court deems just and equitable.

Respectfully submitted,

Date: 5/30/19    By: _____
Joseph C. Korsak, Esquire
Mazza Law Group
2790 West College Ave.
State College, Pa. 16801
(717) 880-3759
I.D. No. 22233